```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LEAH S. TORREGIANO,

                          Plaintiff,            11-CV-6300T

              v.                                **DECISION
                                                and ORDER**
MONROE COUNTY, MONROE COMMUNITY COLLEGE,
A UNIT OF THE STATE UNIVERSITY OF NEW YORK,

                          Defendants,
_____
```

## INTRODUCTION

Plaintiff Leah S. Torregiano ("Torregiano") brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), codified at 42 U.S.C. § 2000(e) against defendants Monroe County, and Monroe Community College ("the College"), claiming that she was retaliated against for complaining of gender discrimination. Specifically, the plaintiff, who is female and a former employee of Monroe Community College, alleges that after she made a complaint of discrimination to the College, she was subjected to negative performance reviews, a diminution of her duties, transfer to an undesirable location, unwarranted job criticism, and was overlooked for a promotion that went to a male employee.

Defendants Monroe County and Monroe Community College now move for judgment on the pleadings claiming that the plaintiff has: (1) failed to state a cause of action for retaliation under

Title VII; (2) failed to timely file her action; (3) failed to state a claim of gender discrimination, (4) failed to exhaust her administrative remedies with respect to defendant Monroe County; and (5) failed to state a claim for discrimination under New York State Law.  Plaintiff opposes defendants' motion on grounds that she has filed the action in a timely manner, has not attempted to allege any cause of action under New York State law, has not alleged gender discrimination, and that defendant Monroe County is a proper defendant.

For the reasons set forth below, I grant in-part and deny in-part defendants' motion to dismiss.  I grant defendants' motion to dismiss plaintiff's claims against the County of Monroe, but deny defendants' motion to dismiss plaintiff's retaliation claims.  I deny as moot defendants' motion to dismiss plaintiff's claims of gender discrimination and discrimination in violation of New York State law on grounds that plaintiff has not alleged such claims in her Complaint.

BACKGROUND

The following facts are alleged in the Complaint.  Plaintiff Leah S. Torregiano began her employment with Monroe Community College in 1978 as a student intern.  Plaintiff remained employed with the College, and in 2010 served as the College's Assistant Director for Public Safety.

Plaintiff alleges that in 2008, she was subjected to gender discrimination while employed at the College. She claims that after she filed a formal complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") in September, 2008, she began to experience retaliation for having made a complaint of discrimination. Specifically, plaintiff alleges that three months after she filed her complaint of discrimination, she received the worst, and only negative performance evaluation to that date in her 30-year career with the College. As a result of the evaluation, plaintiff filed a complaint with the EEOC alleging retaliation. Plaintiff alleges that in retaliation for having filed complaints of discrimination and retaliation, her job duties were reduced, and she was transferred to an undesirable location way from the campus where most of her time was spent. She also alleges that in retaliation for complaining of discrimination and retaliation, her job was changed so that she became "on-call" 24 hours a day 7 days a week. Finally, plaintiff alleges that she was overlooked for a promotion that instead went to a male employee.

DISCUSSION

I. Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides in relevant part that upon the close of pleadings, any party may move for judgment upon the pleadings. A motion for judgment on the pleadings pursuant to Rule 12(c) is evaluated under the same

standards that apply to a Rule 12(b)(6) motion to dismiss for failure to state a claim. Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2nd Cir. 2001). In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (disavowing the oft-quoted statement from Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual

allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974).

II. Plaintiff's Complaint is timely

Defendants move to dismiss plaintiff's complaint on grounds that she failed to file it within 90 days of receiving her right to sue letter from the EEOC. In support of this contention, defendants contend that the right to sue letter was issued on March 14, 2011, but that plaintiff did not file her action until June 15, 2011, 93 days after the right to sue letter was issued. For the reasons set forth below, I deny defendant' motion.

Title VII provides that challenges to the administrative dismissal of a discrimination claim must be filed in federal court within 90 days of the final administrative action dismissing the plaintiff's claims. 42 U.S.C. § 2000e-16(c). There is a presumption, however, that notice of a plaintiff's right to sue, which accompanies the EEOC's dismissal of the plaintiff's claims, is received three days after the notice is issued. Perez v. Metropolitan Transp. Authority, 2012 WL 1943943 at * 10 (S.D.N.Y., May 29, 2012); Sherlock v. Montefiore Medical Center, 84 F.3d 522 (2nd Cir., 1995). Accordingly, applying the presumption in this case, plaintiff received her right to sue letter on March 17, 2011, and timely filed her Complaint in this action on June 15, 2011, the 90th day after she received the right to sue letter.

Defendants have failed to present any evidence that would overcome the presumption that the plaintiff received her right to sue letter three days after it was mailed. Instead, defendants argue, without citation to fact or legal authority, that the court should not apply the presumption, and instead should apply the "actual date" on which the plaintiff received the letter.[1] Because, however, there is no evidence in the record identifying precisely the date on which the plaintiff received her letter, the court may only apply the 3-day mailing presumption. With respect to defendants' contention that the College received the letter one day after it was issued, the date on which a defendant received a right to sue letter, of course, is inapposite as to when the letter was received by the plaintiff. Accordingly, I find that defendants have failed to overcome the presumption that plaintiff received her right to sue letter three days after it was issued. I further find that plaintiff's Complaint in this action is timely filed.

III.  <u>Defendant Monroe County</u>

Plaintiff brings her action against Monroe Community College, plaintiff's former employer, and the County of Monroe. Defendants move to dismiss plaintiff's claims against Monroe County on grounds that plaintiff has failed to exhaust her remedies against Monroe

---

[1] In so arguing, the defendants apparently assume that the letter would have been received less than 3 days after it was mailed, but fail to address the possibility that the letter was received more than 3 days after it was mailed.

County, and therefore, plaintiff may not proceed against the County. In support of their argument, defendants note that the administrative complaint filed by the plaintiff failed to identify the County as a defendant. Plaintiff contends that Monroe County and Monroe County Community College are related entities, represented by the same attorney, and therefore identification of the College as the defendant in the administrative complaint was sufficient to exhaust her remedies against Monroe County.

I grant defendants' motion to dismiss plaintiff's claims against Monroe County. Title VII provides that prior to bringing an action in federal court based on a violation of that statute, a plaintiff must first file administrative charges against the parties that allegedly discriminated against the plaintiff. 42 U.S.C. § 2000e-5(e)(1). Generally, where a plaintiff has failed to name a defendant as a respondent in an administrative action, the plaintiff may not maintain charges in federal court against that defendant. Secrist v. Burns International Sec. Services, 926 F.Supp. 823 (E.D. Wis. 1996). Courts have recognized, however, that some exceptions to this rule exist, specifically when the proposed defendant shares an identity of interest with the respondent to the administrative action such that it can be deemed to have had notice of the action and an opportunity to respond. Romain v. Kurek, 772 F.2d 281 (6th Cir. 1985). In determining whether or not two parties share an identity of interest, courts

consider: (1) whether or not the unnamed respondent could have been identified by reasonable effort to detect that party; (2) whether, under the circumstances of the action, the interests of the unnamed respondent are so similar to the interests of the named respondent that for purposes of conciliation and compliance, it would have been unnecessary to have included the unnamed party in the EEOC proceedings; (3) whether the unnamed party's absence from the EEOC proceedings resulted in actual prejudice to the unnamed respondent, and (4) whether the unnamed party represented to the complainant that its relationship with the complainant existed through the named party. Johnson v. Palma, 931 F.2d 203, 209-210 (2nd Cir. 1991).

In the instant case, the application of the factors listed above results in a finding that Monroe Community College and Monroe County do not share an identity of interest such that the filing of an administrative claim of discrimination against the College would have, or should have put the County on notice of a claim against it.  Plaintiff could have easily identified Monroe County as a potential defendant to the administrative proceeding, as the County has taken no effort to obfuscate or hide its relationship with the College that bears its name. Additionally, under the circumstances of this case (an employment dispute between the College and its former employee) it can not be said that the interests of the College and the County are intertwined or substantially related,

such that the County would be an indispensable party for purposes of obtaining relief from the alleged discrimination. While I find that the County would not be unduly prejudiced if were required to defend this action without having had the opportunity to defend itself in the administrative proceedings, nevertheless, the factors considered weigh against a finding that the defendants share an identify of interest in this matter. Accordingly, I grant defendants' motion to dismiss plaintiff's claims against the County of Monroe.

IV. <u>Retaliation Claims</u>

Title VII prohibits retaliation by an employer against an employee in cases where the employee has engaged in protected activity under the statute. Specifically, Title VII provides that:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. 2000e-3(a). To state a claim for retaliation under Title VII, a plaintiff must establish: (1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff or action that would dissuade a reasonable worker from making or supporting a charge of discrimination; and (3) a causal connection between the protected

activity and adverse action. Burlington Northern & Santa Fe Railway Co. V. White, 548 U.S. 53, 68 (2006); Holt v. KMI-Continental, 95 F.3d 123, 130 (2d Cir. 1996), cert. denied, 1997 WL 71191 (May 19, 1997); Tomka v. Seiler Corp., 66 F.3d 1295, 1308 (2nd Cir. 1995) (citations omitted). "Protected activity" includes opposing employment practices that are prohibited under Title VII (such as discrimination based on race, color, religion, sex, or national origin), or making a charge of discrimination, or participating in any investigation, proceeding, or hearing arising under Title VII. 42 U.S.C. 2000e-3(a). See also, Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2nd Cir., 2000)("The term 'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination.")

In the instant case, there is no dispute that the plaintiff filed formal complaints of discrimination and retaliation with the EEOC. Such conduct constitutes protected activity under Title VII. Plaintiff has further alleged that in retaliation for filing her complaints, she was transferred from the location where her duties remained, she was given poor work evaluations, her responsibilities were diminished, and she was overlooked for a promotion given to a male employee. Such allegations state a claim for retaliatory discrimination, and accordingly, I deny defendants' motion to dismiss plaintiff's retaliation claim.

V.  <u>Gender Discrimination claims and State Law Claims</u>

Defendants move to dismiss plaintiff's gender discrimination claims and all claims pursuant to New York State Law. As plaintiff notes, however, the Complaint does not allege any cause of action based on alleged gender discrimination. Rather, the sole cause of action set forth in the complaint is for retaliation in violation of Title VII. Similarly, there is no cause of action for discrimination based on New York State law.

Because the Complaint does not contain any cause of action for gender discrimination or for discrimination in violation of New York State law, I deny as moot defendants' motion to dismiss such claims.

<u>CONCLUSION</u>

For the reasons set forth above, I grant defendants' motion for judgment on the pleadings with respect to plaintiff's claims against Monroe County, and dismiss those claims. I deny defendant's motion for judgment on the pleadings with respect to plaintiff's Title VII retaliation claims. I deny as moot defendants' motion to dismiss plaintiff's gender discrimination claims and State law claims of discrimination.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         June 28, 2012