**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

LEAH S. TORREGIANO,

                    Plaintiff,                    **REPORT AND**
                                                  **RECOMMENDATION**
          v.                                      11-CV-6300

MONROE COMMUNITY COLLEGE,

                    Defendant.

_____

## Preliminary Statement

Plaintiff Leah Torregiano ("Torregiano") has filed this action against defendant Monroe Community College (hereinafter "MCC"), where she was employed and ultimately terminated on August 23, 2010. See Complaint (Docket # 1). Plaintiff alleges that after she filed a gender discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"), she was unlawfully retaliated against in violation of Title VII of the Civil Rights Act of 1964. See id. at ¶¶ 13—14. With the instant motion, the defendant seeks to amend its Answer to assert an additional affirmative defense of collateral estoppel based on the New York State Unemployment Insurance Appeal Board ("the Board")'s decision finding that the plaintiff voluntarily

quit her job. (Docket # 49).    For the reasons that follow,

defendant's motion is denied.[1]

## Relevant Background

Plaintiff was an employee of Monroe Community College from

September 1978 until the termination of her employment on August

23, 2010.  See Complaint (Docket # 1) at ¶ 10.  Plaintiff first

filed a discrimination complaint with the EEOC on September 22,

2008, alleging gender discrimination.  See Complaint (Docket #1)

at ¶ 13.  Plaintiff alleges that she was then retaliated against

for filing that complaint.    Id. at ¶ 16.    Specifically,

---

[1] As a preliminary matter, this Court has decided to issue
this opinion as a Report and Recommendation rather than a
Decision and Order.    While the Second Circuit has not yet
definitively ruled on the issue, but cf. Fielding v. Tollaksen,
510 F.3d 175, 178 (2d Cir. 2007) (suggesting in dictum that a
motion to amend a complaint is "nondispositive"); Kilcullen v.
N.Y. State Dep't of Transp., 55 F. App'x 583, 585 (2d Cir. 2003)
(applying Rule 72(a) standard to challenge to magistrate judge's
denial of motion to amend), the "weight of authority" in this
Circuit treats rulings on motions to amend pleadings as
nondispositive and subject to review under Rule 72(a) of the
Federal Rules of Civil Procedure.    See Palmer v. Monroe Cnty.
Sheriff, 378 F. Supp. 2d 284, 289 (W.D.N.Y. 2005) (collecting
cases); Rubin v. Valicenti Advisory Servs., Inc., 471 F. Supp.
2d 329, 333 (W.D.N.Y. 2007) (citing Palmer).  However, where the
denial of a motion to amend is based on futility, some courts
view the motion as dispositive "because such a motion is
analyzed under the same standard as a motion to dismiss for
failure to state a claim or a motion for summary judgment, both
of which are dispositive motions."  Gierlinger v. Town of Brant,
No. 13-CV-370, 2015 WL 269131, at *1 n.3 (W.D.N.Y. Jan. 21,
2015).  Accordingly, based on the grounds of the present motion,
I find it appropriate to issue this opinion as a Report and
Recommendation.

2

plaintiff claims that after making her initial complaint, she received the worst performance evaluation to date in her career. Id. at ¶ 14. Plaintiff then filed an additional charge with the EEOC claiming retaliation for filing her initial complaint. Id. at ¶ 16. After filing her second claim of retaliation, plaintiff alleges she was adversely affected by further retaliation including a diminution in job responsibilities and transfer to a less desirable location. Id. at ¶¶ 18, 20. Plaintiff claims she was was "constructively discharged" on September 6, 2010. Id. at ¶ 26.

Following her discharge, plaintiff applied to the New York State Department of Labor to receive unemployment insurance. See Appendix to Defendant's Local Rule 56 Statement (Docket # 43-5) at 115. By notice dated September 30, 2010, plaintiff was declared ineligible to receive benefits because the Department of Labor concluded plaintiff quit her job "without good cause." Id. On December 24, 2010, the Department of Labor issued a superseding notice, again declaring plaintiff quit her job without good cause. Id. at 116. The Department of Labor stated that plaintiff was not discriminated against, but rather, she was dissatisfied with her employer's method of operation and chose to quit. Id. On March 3, 2011, a hearing was held before a Department of Labor Administrative Law Judge ("ALJ"). Id. The ALJ issued her decision on April 14, 2011, finding that

plaintiff "voluntarily separated" from her employment. Id. at 117—19. The ALJ found that although the plaintiff felt marginalized, her reasons for leaving her employment were personal, non-compelling, and did not constitute good cause. Id. Plaintiff appealed the ALJ's decision to the New York State Unemployment Insurance Appeal Board ("the Board"). Id. at 120. On July 30, 2012, the Board affirmed the ALJ's decision. Id.

With the instant motion, defendant seeks to amend its Answer to assert collateral estoppel as an additional defense, which they "inadvertently omitted" from their original answer. See Memorandum of Law in Support of Defendant's Motion to Amend the Answer (Docket # 49-2) at 1—2. According to the defendant, plaintiff is barred from asserting she was constructively discharged because the Board found that plaintiff "voluntarily quit her job." See Defendant's Proposed Amended Answer (Docket # 49-1) at ¶ 13. Plaintiff opposes defendant's motion to amend on the grounds that the proposed amendment would be futile. See Plaintiff's Memorandum of Law in Opposition (Docket # 51) at 2. Specifically, plaintiff contends that defendant's argument would not succeed because an unreviewed state administrative decision "does not have preclusive effect in federal court." Id. Furthermore, plaintiff claims the Board's decision should not have preclusive effect because allowing so would be unfair or unexpected. Id. Plaintiff maintains that she did not present

4

her full retaliation argument to the Board and that the agency "was in no position to handle [her] case." Id. at 3 (quotation marks omitted). In response, defendant refutes that the proposed amendment is futile. Defendant asserts that because the question before the Board and plaintiff's claim are identical, and because the plaintiff had a full and fair opportunity to contest the issue, the Board's decision should have preclusive effect in federal court. See Reply Memorandum of Law in Support of Defendant's Motion (Docket # 52-1) at 2.

## Discussion

Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The rule in the Second Circuit has been to allow amendments to pleadings "in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993); see also Foman v. Davis, 371 U.S. 178, 182 (1962). Absent bad faith or prejudice, leave to amend should also "be denied where the claim sought to be added is without merit or futile." Fiske v. Church of St. Mary of the Angels, 802 F. Supp. 872, 877 (W.D.N.Y. 1992). A proposed amendment to a pleading is futile if it could not withstand a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6). Pierce v. P & A Admin. Servs., Inc., No. 09-CV-526A(F), 2010 WL 3369608,

at \*5 (W.D.N.Y. Aug. 24, 2010). An affirmative defense passes a motion to dismiss under Rule 12(b)(6) if it presents at least "colorable grounds for relief." See Fiske, 802 F. Supp. at 877. Thus, if MCC's proposed amendment asserting the additional defense of collateral estoppel fails to raise a colorable defense, the Court should deny the amendment.

Collateral estoppel may be applied to decisions of administrative agencies acting in a "quasi-judicial" capacity when the preclusive effect would not be "unfair or unexpected." See Sanderson v. N.Y. State Elec. & Gas Corp., No. 11-CV-6096T, 2013 WL 1221930, at \*7 (W.D.N.Y. Mar. 25, 2013). When a state administrative agency "resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's factfinding the same preclusive effect" as it would have in state court. Univ. of Tennessee v. Elliott, 478 U.S. 788, 796 (1986) (citation omitted). In New York State, "collateral estoppel gives conclusive effect to an administrative agency's determination where: (1) the issue sought to be precluded is identical to a material issue necessarily decided by the administrative agency; and (2) there was a full and fair opportunity to contest the issue." Sanderson, 2013 WL 1221930, at \*7.

Here, however, the defendant oddly does not address the fact that New York State Labor Law expressly prohibits affording

6

unemployment proceeding decisions preclusive effect in subsequent litigation. See N.Y. Lab. Law § 623(2) (McKinney 2015); Obiajulu v. City of Rochester, 975 F. Supp. 469, 471 (W.D.N.Y. 1997). Specifically, Section 623(2) of New York Labor Law provides, "No finding of fact or law contained in a decision rendered pursuant to this article by a referee, the appeal board or a court shall preclude the litigation of any issue of fact or law in any subsequent action or proceeding." It follows that New York State courts would not give the Unemployment Insurance Appeal Board decision preclusive effect. As a result, numerous courts in the Second Circuit have declined to give preclusive effect to unemployment proceeding decisions. See Henry v. Concord Limousine, Inc., No. 13-CV-0494 (JS)(WDW), 2014 WL 297303, at *7 (E.D.N.Y. Jan. 24, 2014) (collecting cases).

In Obiajulu v. City of Rochester, 975 F. Supp. 469 (W.D.N.Y. 1997), Judge Larimer found that the defendant was not collaterally estopped from asserting the plaintiff was terminated for misconduct, despite the Department of Labor ALJ's determination that plaintiff was not terminated for misconduct. Id. at 471. Relying on New York State Labor Law § 623(2), the Court held that the ALJ's findings should not be given preclusive effect in the federal action because the findings would not be given preclusive effect in New York State courts. Id. Similarly in this case, Section 623(2) would

forbid the defendant from claiming that the ALJ's decision that plaintiff voluntarily quit collaterally estops plaintiff from asserting she was constructively discharged.  See Payton v. City Univ. of N.Y., 453 F. Supp. 2d 775, 787 (S.D.N.Y. 2006) ("Labor Law § 623(2) provides that unemployment proceedings have no preclusive effect on court proceedings.").

Accordingly, I find that the defendant's proposed amendment to its answer is futile because defendant's collateral estoppel claim does not raise a colorable defense.  First, as stated above, federal courts will only give preclusive effect to state administrative decisions if a state court would afford the decision preclusive effect.  Under New York State Labor Law § 623(2), state courts in New York would not give the Board's decision preclusive effect.  See Obiajulu, 975 F. Supp. at 471 (W.D.N.Y. 1997).

Second, and equally compelling, it is well established that unreviewed state administrative proceedings are not entitled to preclusive effect in Title VII cases.  See Elliott, 478 U.S. at 796 ("Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims."); Sanderson, 2013 WL 1221930, at *7; Sloth v. Constellation Brands, Inc., 924 F. Supp. 2d 461, 468–69 (W.D.N.Y. Feb. 19, 2013) (holding Worker's Compensation Board determination has no preclusive effect on employee's Title VII claim); Cody v. Darden

8

Rests., No. CV 12-0484(SJF)(ETB), 2012 WL 6863922, at *4 (E.D.N.Y. Oct 11, 2012) ("[A] state administrative agency decision that has not undergone subsequent review by a state court will not carry claim preclusive effect in federal court in a Title VII case."). Retaliation under Title VII was not an issue in the plaintiff's unemployment proceeding. "Although there are administrative procedures available to a claimant to raise ancillary employment matters, final responsibility for enforcement of an employment discrimination claim is lodged in the federal courts." Lucas v. South Nassau Cmtys. Hosp., 54 F. Supp. 2d 141, 152 (E.D.N.Y. 1998) ("[T]he law is clear that an unemployment insurance board determination does not dictate the results of a Title VII action."); see also, e.g., Wilson v. Supreme Color Card, Inc., No. 87 CIV. 0037 (KC), 1988 WL 61914, at *2 (S.D.N.Y. June 6, 1988) (refusing to give preclusive effect in employment discrimination action to ALJ's factual findings in unemployment insurance proceeding, since in that proceeding, "it was [plaintiff's] conduct, rather than [the employer's], that was being judged").

This case is no different. Plaintiff's federal claim is solely related to retaliation under Title VII, and the decision by the Board was part of a state administrative proceeding. Thus, the Board's decision has no preclusive effect on plaintiff's Title VII retaliation claims in federal court.

See Hernandez v. New York City Law Dep't Corp. Counsel, No. 94 Civ. 9042 (AJP) (SS), 1997 WL 27047, at *16 (S.D.N.Y. Jan. 23, 1997) (unemployment insurance finding does not collaterally estop plaintiff's retaliatory discharge claim); Gore v. R.H. Macy & Co., Nos. 86 CIV. 9684 (MBM), 88 CIV. 0024 (MBM), 1989 WL 65561, at *2 (S.D.N.Y. June 13, 1989) (ALJ's finding at unemployment insurance hearing has no preclusive effect on Title VII claim). Accordingly, it is my Report and Recommendation that the defendant's motion to amend its answer to add the proposed defense be denied.

## Conclusion

For the foregoing reasons, it is my Report and Recommendation that the defendant's motion for leave to amend their Answer (Docket # 49) be **denied.**

JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:     July 31, 2015
           Rochester, New York

10

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), and Local Rule 72(b).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.  Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  Failure to comply with the provisions of Local Rule 72(b) (concerning review of and objections to a Magistrate Judge's findings of fact and recommendations), may result in the District Court's refusal to consider the objection.

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:     July 31, 2015
           Rochester, New York